**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Harrington, et al., | No. CV-21-00940-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Cracker Barrel Old Country Store Incorporated, | |
| Defendant. | |

Before the Court in this collective action is a Motion to Sever and Transfer Non-Arizona Plaintiffs to the District of Massachusetts, Central Division filed by Plaintiff Sara Liptak ("Liptak")[1] and others similarly situated. (Doc. 114). Defendant Cracker Barrel Old Country Store Incorporated ("Cracker Barrel") has filed a response in Opposition and Liptak has filed a Reply. (Docs. 119 & 122). For reasons stated below, the Court will transfer the claims of the non-Arizona Plaintiffs to the District Court of Massachusetts, Central Division.

## I.    Background

More than any other defining feature, this case is marked by its extensive procedural history. In short, it concerns an action arising out of the Fair Labor Standards Act ("FLSA") brought by several plaintiffs seeking to remedy Cracker Barrel's alleged failure to pay them proper wages. (Doc. 1). Cracker Barrel was originally successful on its first Motion to Dismiss because the Court found that the originally named plaintiffs were subject to a valid

---

[1] Liptak states that she will serve as the named Plaintiff for the non-Arizona group of plaintiffs based in Massachusetts. (*Id.* at 2).

arbitration agreement. (Doc. 21). But that was not the end for either plaintiffs or Cracker Barrel. While the original plaintiffs pursued their case in arbitration, Liptak and other former Cracker Barrel employees filed a First Amended Complaint ("FAC") stating that they were all minors when they signed the arbitration agreement and therefore were not bound by its terms. (Doc. 73). Because none of the named plaintiffs were from Arizona or worked in Cracker Barrel's Arizona stores, however, the Court lacked personal jurisdiction over these plaintiffs and again granted Cracker Barrel's Motion to Dismiss. (Doc. 62). Plaintiffs were unhindered, even after this setback, in their pursuit of having this litigation move forward. They filed a Second Amended Complaint ("SAC"), this time adding an Arizona Cracker Barrel employee as a plaintiff. (Doc. 74 at ¶¶ 6–9). Ultimately, the Court found that this addition cured the jurisdictional defect in the FAC and denied Cracker's Barrel's third Motion to Dismiss. (Doc. 82). The Court also granted conditional certification of a collective action under the FLSA. (*Id.*)

The Court's grant of conditional certification triggered a litany of Motions from Cracker Barrel. One of the motions was a Motion to Certify Interlocutory Appeal (Doc. 84). The Court ultimately certified for appeal the following two questions:

> (1) Whether a District Court may allow sending a notice under Section 216(b) of the FLSA to individuals whom the Court has determined to be bound by an enforceable arbitration agreement; and

> (2) Whether *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 265 (2017), prevents a District Court from sending notice under Section 216(b) of the FLSA to individuals over whom the Court lacks specific personal jurisdiction.

(Doc. 106 at 21). Both questions were answered by the Ninth Circuit in the affirmative. The second question is particularly pertinent to Liptak's Motion to Sever and Transfer. In its Order, the Ninth Circuit held that *Bristol-Myers* applies in collective actions under the FLSA and to that end, specific personal jurisdiction must be analyzed for every individual plaintiff proceeding under the collective action. (Doc. 117-1 at 15). Practically, this meant that specific personal jurisdiction was not satisfied for all plaintiffs in the collective simply

because one was an Arizona resident that worked at an Arizona Cracker Barrel location. Based on the Ninth Circuit's decision, Liptak has now filed a Motion to Sever and Transfer the Non-Arizona Plaintiffs from Massachusetts to the District Court of Massachusetts. (Doc. 114). In its opposition, Cracker Barrel suggests that dismissal of the entire action is more appropriate. For reasons outlined below, the Court will sever the non-Arizona Plaintiffs' claims and transfer them to the District Court of Massachusetts, Central Division.

## II.    Legal Standards

Liptak cites three distinct statutes[2] as a means for achieving transfer: 28 U.S.C. §§ 1404, 1406, and 1631.

Section 1404(a) gives the district courts broad discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (cleaned up). The district court is required to weigh multiple factors when deciding a motion to transfer under Section 1404. The near exhaustive list includes the following: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) ease of access to sources of proof. *Stewart Org.,* 487 U.S. at 29–31. Other factors that are important include the presence of a forum selection clause and the public policy of the forum state, if any. *Id.* at 29. To that end, transfers under Section 1404 are highly discretionary and case specific. *See Badea v. Cox,* 931 F.2d 573, 575 (9th Cir. 1991).

By contrast, Section 1406 is the appropriate statute under which to transfer a case if the transferring court is not the proper venue. *See* 28 U.S.C. § 1406(a). Importantly, venue

---

[2] Although the Court lays out the differences in these statutes, practically, it makes no difference which statute the Court chooses to transfer the case. 14D Wright & Miller's Federal Practice & Procedure § 3842 (4th ed. 2026).

is not a jurisdictional component.  A court can have personal and specific jurisdiction and still be the wrong venue to hear a case. "In distinguishing between the principles of jurisdiction and venue, we note that '[j]urisdiction is the *power* to adjudicate, while venue, which relates to the place where judicial authority may be exercised, is intended for the *convenience* of the litigants.' " *Securities Inv. Prot. Corp. v. Vigman,* 764 F.2d 1309, 1313 (9th Cir. 1985) (citing *Still v. Rossville Crushed Stone Co.,* 370 F.2d 324, 325 (6th Cir. 1966) (further internal citations omitted) (emphases in original)).  Stated differently, transfer under Section 1406 is only proper if "the defendant has moved to dismiss (or transfer) for improper venue."  *Tisher v. Boeing Company*, 2026 WL 982883, at * 12 (D. Or. Apr. 13, 2026).

The third statute cited by Liptak, Section 1631, is used specifically to cure deficiencies in jurisdiction. *See* 14D Wright & Miller's Federal Practice & Procedure § 3842 (4th ed. 2026). The statute's plain terms highlight this distinction between the other statutes by stating that the statute should be used to transfer a case when there is a "want of jurisdiction."  28 U.S.C. § 1631.  While all circuits and courts agree that the phrase "want of jurisdiction" applies to want of subject matter jurisdiction, there is a circuit split regarding its applicability to personal jurisdiction.  Wright & Miller, *supra*, § 3842. Courts in the Ninth Circuit, however, generally find that it does apply to personal jurisdiction. *Tisher*, 2026 WL 982883, at * 12 (noting the trend and citing examples).

**III.    Discussion**

Liptak urges the Court to allow transfer under any of three transfer statutes. (Doc. 114 at 5). Cracker Barrel responds by insisting that dismissal of the lawsuit is appropriate because none of the transfer statutes apply.[3]  (Doc. 119 at 4).  The Court does

---

[3] Cracker Barrel cites to inapposite cases to argue that dismissal is appropriate. For instance, *Clark v. Busey* held that the district court lacked *subject matter* jurisdiction, not *personal* jurisdiction, as it does here. *Clark v. Busey*, 959 F.2d 808, 814 (9th Cir. 1992). *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979), cited by Cracker Barrel, is also distinguishable. In *Froelich*, the district court refused to transfer the case because of a statute of limitations issue. *Id.* And in *NelsonDevlin v. Eli Lilly & Company*, not only was Section 1631 not considered, but the court decided that transfer was indeed appropriate. 2015 WL 5436700, at *4 (E.D. Cal. Sept. 15, 2015).

not find either party's legal support for its arguments particularly persuasive[4] but will nonetheless transfer the claims of the non-Arizona plaintiffs based in Massachusetts to that district court, in line with Liptak's request to do so under Section 1631.

The Court will sever the Massachusetts-based plaintiffs and transfer their claims to the District of Massachusetts based on its authority under Section 1631.  Here, there is clearly a "want of jurisdiction" regarding the non-Arizona Plaintiffs.  Again, courts in the Ninth Circuit generally support the reading of Section 1631 that encompasses a transfer based on a lack of personal jurisdiction. *Tisher*, 2026 WL 982883, at * 12. Indeed, that is exactly what the Ninth Circuit found when this litigation went on appeal: that this Court lacks personal jurisdiction over Cracker Barrel for the claims of the non-Arizona plaintiffs. *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 681 (9th Cir. 2025). In other words, the Court finds that Section 1631 allows for a transfer of the non-Arizona Plaintiffs to the District of Massachusetts based on its plain text and legislative history. *See* Wright & Miller, *supra*, § 3842 (explaining the legislative and case history and citing examples).  Therefore, the Court will sever the non-Arizona plaintiffs based in Massachusetts and transfer their claims to the District of Massachusetts under Section 1631.

Accordingly,

**IT IS ORDERED** that Liptak's Motion to Sever and Transfer Non-Arizona Plaintiffs to the District of Massachusetts, Central Division (Doc. 114) is **granted.**

**IT IS FURTHER ORDERED** that the parties shall meet and confer to determine which opt-in plaintiffs must be severed and accordingly file a notice identifying these opt-

---

[4] Liptak's analysis of the different transfer statutes collapses all three and focuses the inquiry on whether the "interests of justice" endorse a transfer.  Cracker Barrel's rebuttal of Liptak's position, on the other hand, states that Section 1631 only allows transfer for lack of subject matter jurisdiction.  Both parties are mistaken.  The three transfer statutes are used for distinct purposes and operate to achieve different results. *See* infra Section II. And Cracker Barrel's argument that Section 1631 only applies to address a lack of subject matter jurisdiction simply misstates the law.  *Tisher*, 2026 WL 982883, at * 12.  Finally, neither party fully briefed why the multiplicity of factors that go into a Section 1404(a) analysis apply or fail to apply.  Without that information from the parties, the Court will not endeavor on its own to wade into that multi-factor test and make the parties' arguments for them.  Finally, Section 1406 only allows for transfer for improper venue, most often done on a motion to dismiss, which are not the circumstances here.

in plaintiffs on or before **June 10, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall create a new action captioned as *Sarah Liptak on behalf of herself and all other persons similar situated v. Cracker Barrel Old Country Store. Inc.* Plaintiffs in that action shall be the severed opt-in plaintiffs. Dylan Basch shall remain the named representative for the Arizona-based opt-in plaintiffs in the current case pending before the Court.

**IT IS FINALLY ORDERED** that the Clerk of Court shall take all steps needed to transfer the newly-formed action to the United States District Court for the District of Massachusetts, Central Division.

Dated this 27th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge